UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

_____

United States of America,

        Plaintiff/Respondent,        Criminal 04-309 (RHK/RLE)
                                                  Civil No. 05-847 (RHK)
vs.                                                    **ORDER**

Victor Trevino-Gutierrez,

        Defendant/Petitioner.

_____

On September 14, 2004, Petitioner pleaded guilty to the crime of aggravated unlawful entry after removal in violation of 8 U.S.C. § 1326(a) and (b)(2), and 6 U.S.C. §§ 202(3), 202(4) and 557. As part of the plea agreement, he consented to be sentenced pursuant to the United States Sentencing Guidelines and to have the sentencing judge decide the facts upon which the sentence would be based by a preponderance of the evidence. The Guidelines calculation by the parties set forth in the plea agreement established a total offense level of 24, resulting from a base offense level of 8 and a 16-point enhancement because of Petitioner's conviction of a "crime of violence" prior to his deportation. There was a 3-point reduction for acceptance of responsibility. The total offense level was 21. There was an agreed upon criminal history category of IV. The resulting Guidelines range was 57-71 months.

On December 10, 2004, he was sentenced to a term of imprisonment of 57 months after the Court determined his total offense level to be 21 and his criminal history category to be IV.

Before the Court is his § 2255 Motion alleging ineffective assistance of counsel for failing

1) to have this case placed in abeyance until Booker was decided;

2) to object to "the 16 level enhancement" appearing in the presentence report;

3) to file a direct appeal.

The 16-point enhancement was for his conviction in Minnesota state court of an aggravated felony, criminal sexual conduct. In his plea agreement, and at the hearing with respect to the plea agreement, Petitioner acknowledged the prior conviction. With that acknowledgement, the sentencing guidelines called for an enhancement of 16 levels to be added to the base offense level of 8, for a total offense level of 24, and a sentencing range of 57 to 71 months in prison. Those ranges were recommended in the presentence investigation report, accepted by the Court, and the sentence was at the low end of the range.

In addition, the Defendant, as part of his plea agreement, waived all rights "to appeal either directly or collaterally his sentence on any ground, unless the sentence of imprisonment is otherwise greater than the guidelines ranges set forth in paragraph 5.E of this agreement." Paragraph 5 of the plea agreement established the guidelines range at 57-71 months.

The Court concludes that the § 2255 Motion must be denied. There has been no showing of ineffective assistance of counsel; there has been no violation of the rules announced in <u>Blakely</u> and <u>Booker</u>; <u>Never Misses a Shot v. United States</u>, ____ F.3d ___, 2005 WL 1569403 (8th Cir. 2005), established that <u>Booker</u> does not benefit movants in collateral proceedings; and Plaintiff waived his right to appeal the sentence imposed.

Accordingly, and upon the files, records and proceedings herein, the Motion to Vacate (CR-04-309, Doc. No. 17; CV-05-847, Doc. No. 1) is **DENIED**.

Dated: August 1, 2005

                                                s/Richard H. Kyle  
                                                RICHARD H. KYLE  
                                                United States District Judge